UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JETRIA L. RUSHING, JR., Plaintiff, v. TREYSTON JOHNSON, Defendant. | CAUSE NO. 1:26-CV-392-JD-APR |

OPINION AND ORDER

Jetria L. Rushing, Jr., a prisoner without a lawyer, filed an amended complaint alleging that Marion Police Officer Treyston Johnson used excessive force against him. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rushing alleges Officer Johnson punched him with a closed fist after he was arrested and in handcuffs on December 9, 2025. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of

reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396. Given the allegations that Rushing was handcuffed and not threatening Officer Johnson at the time he was hit, the complaint states a claim against Officer Johnson for a violation of the Fourth Amendment.

Rushing also sues the Marion Police Department, but it is not a suable entity for purposes of 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). The Marion Police Department will be dismissed.

For these reasons, the court:

(1) GRANTS Jetria L. Rushing, Jr. leave to proceed against Police Officer Treyston Johnson in his individual capacity for compensatory and punitive damages for hitting Rushing with a closed fist after he was handcuffed on December 9, 2025, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Marion Police Dept.;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Police Officer Treyston Johnson at Marion Police Department, with a copy of this order and the amended complaint (ECF 10);

(5) ORDERS Marion Police Chief to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Police Officer Treyston Johnson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 18, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT